Norik **KHUDABAKHSHYAN**,
Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 04–71291.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Yeznik O. Kazandjian, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David V. Bernal, Attorney, Russell J.E. Verby, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Norik Khudabakhshyan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we deny the petition for review.

■ With respect to Khudabakhshyan's arrests and detention in 1996 and 1998, substantial evidence supports the agency's denial of asylum because the government established changed country conditions in Armenia, rebutting the presumption of a well-founded fear of persecution. *See Kumar v. INS,* 204 F.3d 931, 934 (9th Cir.2000); *see also Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 999 (9th Cir. 2003) (it is appropriate for BIA to use its expertise in considering contradictory and ambiguous background materials, and deciding which portions are relevant to applicant) (citation omitted). Substantial evidence further supports the agency's finding that Khudabakhshyan did not establish that his flight from the police in 2002 demonstrated that he has a reason to fear being targeted because of his political activities. *See Elias–Zacarias,* 502 U.S. at 481–82, 112 S.Ct. 812. Therefore, Khudabakhshyan failed to establish that he was eligible for asylum.

Because Khudabakhshyan failed to demonstrate he was eligible for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal.

*See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

■ Finally, substantial evidence supports the agency's denial of CAT relief because Khudabakhshyan did not show it was more likely than not that he would be tortured if he returned to Armenia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

